UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS SEGUNDO, JR.,<br><br>            Plaintiff,<br><br>       v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>            Defendant. | Case No. C05-1768-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Thomas Segundo, Jr., appeals a final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act after a hearing before an administrative law judge ("ALJ"). The parties agree that the ALJ's decision was not free from legal error and that some form of remand is appropriate. For the reasons set forth below, the Court recommends that the ALJ's decision be reversed and remanded for further administrative proceedings. On remand, the ALJ should reassess the medical evidence, reevaluate plaintiff's residual functional capacity, and apply the appropriate remaining steps of the sequential evaluation process.

REPORT AND RECOMMENDATION
PAGE -1

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff is a fifty-five-year-old man. AR 199. He has a formal education through the eleventh grade, and has also received vocational training as a welder. AR 87, 227. From 1975 until 1997, plaintiff consistently worked six-day work-weeks as a construction welder. AR 208, 222. In October 1997, plaintiff underwent back surgery for a bulging disc, and subsequently experienced complications that led to symptoms of dizziness and loss of equilibrium. AR 24, 322-23. Plaintiff has not worked since that time.

On November 14, 2001, plaintiff filed an application for DIB.[1] AR 199-201. He alleged disability beginning on October 1, 1997, as a result of diabetes, dizziness, fatigue, short-term memory loss, pain and weakness is his right elbow and both legs, hepatitis C, high blood pressure, and accelerated heartbeat. AR 199, 221. Plaintiff subsequently amended his onset date to May 8, 2000. AR 23, 401, 411. Plaintiff's application was denied both initially and on reconsideration. AR 171-78.

Plaintiff requested a hearing and on May 10, 2004, an administrative hearing was held before an ALJ. AR 179, 413-50. On February 26, 2005, an ALJ issued a decision finding plaintiff not disabled. AR 21-32. In particular, the ALJ found that plaintiff retained the ability to perform a full range of light work, and relying upon the Medical-Vocational Guidelines, found that plaintiff was able to perform other work that exists in significant numbers in the national economy. AR 31.

Plaintiff appealed the decision and submitted additional evidence, a declaration from Alan Langman, M.D., a non-examining physician, who opined that plaintiff met listing 2.07,

---

[1] This was plaintiff's second application for DIB. Plaintiff filed a first application for DIB on February 5, 1998, alleging disability beginning on October 1, 1997, as a result of dizziness, numbness in his lower extremities, and back and leg pain. AR 77-79, 81. After these applications were denied initially and upon reconsideration, plaintiff requested an administrative hearing. AR 59-68. On April 22, 1999, an ALJ issued a decision finding plaintiff not disabled. AR 36-44. Plaintiff did not seek further review of this application and has not sought to reopen it in this suit.

REPORT AND RECOMMENDATION
PAGE -2

for Disturbances of Labyrinthine Function Including Meniere's Disease.  AR 406-12.  The Appeals Council denied plaintiff's request for review.  AR 8-11.  Thus, the ALJ's February 26, 2005, decision serves as the ALJ's final decision for purposes of judicial review.  On October 20, 2005, plaintiff filed this civil action challenging the final decision.  Dkt. No. 1.

### III.  JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g) (2005).

### IV.  STANDARD OF REVIEW

The Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Substantial evidence is defined as more than a mere scintilla but less than a preponderance; "it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal citations and quotations omitted).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citations omitted).

### V.  EVALUATING DISABILITY

As the claimant, Mr. Segundo bears the burden of proving that he is disabled within the meaning of the Social Security Act.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected

REPORT AND RECOMMENDATION
PAGE -3

to last for a continuous period of not less than twelve months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Social Security regulations set out a five-step sequential-evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must establish that he is not engaging in any substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant establishes that he has not engaged in any substantial gainful activity, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically-severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant who meets or equals one of the listings for the required twelve-month-duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  The Commissioner then uses the RFC to determine whether the claimant can still perform the physical and mental demands of his past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is not able to perform his past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that

exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## VI. DECISION BELOW

On February 26, 2005, the ALJ issued a decision finding:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 2002.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's depression is not a "severe" impairment resulting in functional limitation.

4. The claimant's dizziness, degenerative disc disease of lumbar spine, and Diabetes Mellitus are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

5. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

6. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

7. The claimant has the residual functional capacity to perform the full range of light work.

8. The claimant's medically determinable impairments prevent him from performing his past relevant work.

9. The claimant's age, education, work experience, and residual functional capacity indicate he is capable of making an adjustment to other work that exists in significant numbers in the national economy.

10. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f)).

AR 31-32.

## VII. ISSUES ON APPEAL

The parties agree that the ALJ's decision was not free from legal error and that a remand is appropriate. *See* Dkt. Nos. 12, 14. The only remaining issue is whether to remand for an immediate award of benefits or for further administrative proceedings.

## VIII. DISCUSSION

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen*, 80 F.3d at 1292). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three prongs are met).

A.  <u>The ALJ Committed Legal Error</u>.

The first step for determining whether a case should be remanded for an immediate award of benefits or for further administrative proceedings is to assess whether the ALJ provided legally sufficient reasons for rejecting plaintiff's evidence. *McCartey*, 298 F.3d at 1076. The Commissioner has conceded that the ALJ's decision is "not free from legal error" and that remand is appropriate. Dkt. No. 14 at 4 & n.1. Hence, the parties agree that the ALJ committed legal error. The first step of the remand analysis is satisfied.

Typically, the Court will analyze which of plaintiff's assigned errors were erroneous or not supported by substantial evidence based upon the arguments in the parties' briefs. However, the defendant has not identified the specific legal deficiencies in the ALJ's decision, nor seriously contested the plaintiff's assertions of error. Rather, defendant has suggested

REPORT AND RECOMMENDATION
PAGE -6

general points for reconsideration. *See* Dkt. No. 14. Given the ambiguity of the Commissioner's response, the ALJ should re-examine each of the assignments of error identified by plaintiff, and should specifically: (1) reevaluate plaintiff's RFC, making specific findings as to what non-exertional limitations, if any, exist; (2) reassess plaintiff's credibility and provide clear and convincing reasons with proper citation to the record if he wishes to reject plaintiff's testimony; (3) reassess the lay-witness testimony of plaintiff's wife; (4) reevaluate the medical evidence, especially the opinions of Drs. Ho and Langman; (5) apply, to the extent necessary, the special technique for evaluating mental impairments described in 20 C.F.R. § 404.1520a; and (6) take other testimony or evidence and apply all other relevant steps necessary to determine accurately whether plaintiff is disabled.

        B.        <u>Outstanding Issues Still Remain</u>.

The second step for determining whether a case should be remanded for an immediate award of benefits or for further administrative proceedings is to assess whether there are any outstanding issues that must be resolved before a determination of disability can be made. *McCartey*, 298 F.3d at 1076. Here, several outstanding issues remain. For instance, the ALJ's RFC finding was ambiguous. The formal "Findings" section of the decision stated that plaintiff retained the RFC to "perform the full range of light work." AR 31. Yet, in the "Evaluation of the Evidence" section, the ALJ indicated that plaintiff had non-exertional limitations that "limited [him] with respect to unprotected elevations, dangerous machinery, and noise[.]" AR 31. These limitations were apparently related to plaintiff's dizziness impairment. It is unclear why the ALJ did not include these restrictions in his RFC finding nor explain why the restrictions were omitted.

Additionally, an issue remains regarding the application of the Medical-Vocational Guidelines. 20 C.F.R. Pt. 404, Subpt. P., App. 2. The ALJ found that rule 202.18 directed a finding of non-disability. AR 31. The ALJ's RFC finding impacts whether a plaintiff can perform "substantially all" of the functions necessary to qualify for a given exertional

category of work — here "light" work — for purposes of applying the Medical-Vocational Guidelines. *See* SSR-83-11, SSR 83-14. The ALJ, however, failed to explain why plaintiff's non-exertional limitations did not impact his ability to perform substantially all of the activities of light work. If plaintiff's non-exertional limitations limit his functional abilities, it may be necessary for the ALJ to call a vocational expert to determine plaintiff's ability to perform his past relevant work, and other work. SSR 83-14. Moreover, as discussed above, issues remain regarding the impact of plaintiff's mental impairments, his credibility, and his wife's credibility. *See, supra,* Section A.

    C.    <u>It Is Not Clear From the Record That the ALJ Would Be Required to Find the Plaintiff Disabled.</u>

The final step for determining whether a case should be remanded for an immediate award of benefits or for further administrative proceedings requires the Court to assess whether the ALJ would be obligated to find the claimant disabled if he considered the erroneously rejected evidence. *McCartey*, 298 F.3d at 1076-77. This prong is actually a subcategory of the second prong. *Harman*, 211 F.3d at 1178.

Plaintiff argues that the declaration of Dr. Langman, which opines that plaintiff satisfies Listing 2.07, requires a finding of disability. Dkt. No. 15 at 2; AR 406-11. On this record, however, a finding of disability based on Dr. Langman's opinion alone is not warranted. Dr. Langman is a non-examining physician. His opinion is one of many medical opinions found in a nearly 500-page record. While his opinion is entitled to some weight, other evidence, such as the opinions of Drs. Ho, Horton, and Fu, suggests that plaintiff may retain more ability work. AR 313-18, 322-26, 332-37. The Court, however, will not weigh that evidence. That is the ALJ's task on remand.

## IX.  CONCLUSION

For the reasons discussed above, this case should be reversed and remanded for further administrative proceedings not inconsistent with this report and recommendation. In

REPORT AND RECOMMENDATION
PAGE -8

particular, the ALJ should reassess the medical evidence, recalculate plaintiff's RFC, and take any other steps necessary to completely and accurately determine plaintiff's eligibility for DIB. A proposed order accompanies this report and recommendation.

    DATED this 14th day of June, 2006.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -9